UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No.  02-30043-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LEE DELL NATION, JR. | MAG. JUDGE KAREN L. HAYES |

RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

I.  **Background and Procedural History**

On August 18, 2003, Defendant Lee Dell Nation, Jr. ("Nation") pled guilty to conspiracy to possess with the intent to distribute crack cocaine. Following Nation's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Nation's range of imprisonment under the United States Sentencing Guidelines ("the Guidelines") was 235-293 months. On January 28, 2004, the Court sentenced Nation to 235 months imprisonment.[1] A Judgment imposing that term of imprisonment was signed on January 30, 2004.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally

---

[1] The Judgment [Doc. No. 345] indicates that sentence was imposed on January 27, 2004. However, the record reflects that the sentencing hearing was actually held on January 28, 2004. [Doc. No. 344].

reduces by two levels the base offense levels applicable to cocaine base or crack offenses under § 2D1.1 of the Guidelines. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by the amendment to § 2D1.1. Nation was identified by the USPO as a person whose sentence might be subject to reduction.

The USPO provided the Court with revised Guidelines calculations based on the amendments to § 2D1.1. After a two-level reduction to his base offense level, Nation is subject to a term of imprisonment of 188-235 months.

On August 5, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Nation. The August 5, 2008 Order further provided notice of the Court's intent to reduce Nation's term of imprisonment from 235 to 188 months, based on the Court's review of the revised calculations and the record. Finally, the August 5, 2008 Order required counsel for the Government and Defendant to file by October 6, 2008, a notice stating (1) whether a hearing was requested or waived and (2) whether there were any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's revised calculations.

However, on September 18, 2008, the Court issued a Minute Entry [Doc. No. 664]

staying counsel's time for response until there was a resolution of Nation's then-pending Motion to Vacate, Set Aside, or Reduce Sentence under 28 U.S.C. § 2255.

On November 3, 2008, the Court adopted a Report and Recommendation of the Magistrate Judge dismissing Nation's § 2255 motion. Therefore, on November 14, 2008, the Court issued a Minute Entry [Doc. No. 683] requiring counsel to submit a response to the Court's August 5, 2008 Order by December 12, 2008.

The Government and Nation both filed sentencing memoranda [Doc. Nos. 684 & 686], but, on February 10, 2009, after Nation appealed the dismissal of his § 2255 motion, the Court issued another Minute Entry staying consideration of Nation's term of imprisonment under § 3582(c)(2) until Nation's appeal was resolved by the United States Court of Appeal for the Fifth Circuit.

On October 13, 2009, the Fifth Circuit issued a mandate, denying Nation's application for a certificate of appealability and dismissing his appeal. [Doc. No. 721].

This matter is now ripe for review under § 3582(c)(2).

II.     **Law and Analysis**

In his 2008 Sentencing Memorandum [Doc. No. 686], Nation contends that he should be granted a hearing and a further reduction in sentence to time served.

The Government contends in its Memorandum [Doc. No. 684] that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to these proceedings, and that the Court cannot reduce Nation's term of imprisonment lower than the bottom of the now-applicable Guideline range.

Since the parties' memoranda were filed, on June 22, 2009, the Fifth Circuit issued an

3

opinion in *United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009). In that case, Defendant Larry Doublin ("Doublin") challenged this Court's determination that district courts have no authority in a § 3582(c)(2) review to reduce a sentence below the minimum advisory sentence under the Guidelines. *Id.* at 236. The Fifth Circuit explained:

> District courts are allowed by 18 U.S.C. § 3582 to reduce a sentence under certain conditions and subject to various limitations. A sentence may be reduced when it is for "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). As part of this reduction, the district court must consider the sentencing factors provided in 18 U.S.C. § 3553 and may reduce the sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).
>
> These sentence reductions are governed by the policy statement in the above-referenced Guideline § 1B1.10. It provides: in reducing sentences that fell within the guideline range when originally imposed, "the court shall *not* reduce the . . . term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added). Accordingly, under Guideline § 1B1.10, made mandatory by 18 U.S.C. § 3582, a district court cannot impose a sentence below the guideline range.
>
> Having determined the mandatory guidelines regime violated the Sixth Amendment, *Booker* excised 18 U.S.C. § 3553(b)(1), which made the guidelines mandatory, and thereby rendered them advisory only. As he did in district court, Doublin urges *Booker* applies to 18 U.S.C. § 3582 reductions as well, so that Guideline § 1B1.10's limitation is advisory only and the district court could impose a below-guideline-range sentence.
>
> Although this is an issue of first impression in our court, numerous other circuits have considered it. Of the nine to consider the issue, the First through Fourth, Seventh, Eighth, Tenth, and Eleventh have rejected Booker's application to sentence reductions under 18 U.S.C. § 3582, and have held the Guideline § 1B1.10 limitation to be mandatory. *See United States v. Fanfan*, 558 F.3d 105 (1st Cir. 2009); *United States v. Savoy*, 567 F.3d 71 (2d Cir. 2009); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *United States v. Dunphy*, 551 F.3d 247 (4th Cir. 2009); *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009); *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008); *United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009).
>
> Only the Ninth Circuit has held that, for an 18 U.S.C. § 3582(c)(2) resentencing,

district courts can reduce the sentence below the amended guideline range. *Hicks*, 472 F.3d at 1172 ("Mandatory Guidelines no longer exist, in this context or any other."). *Hicks*, relied upon by Doublin in district court, was decided, however, prior to the 2008 amendments to Guideline § 1B1.10, barring any reduction below the amended guideline minimum. (The basis for the decision in *Hicks* is not, however, necessarily affected by these amendments. *See Hicks*, 472 F.3d at 1172 ("[T]o the extent that the policy statements would have the effect of making the Guidelines mandatory . . . they must be void".).)

To the extent *Hicks* is not distinguished by the subsequent amendments to Guideline § 1B1.10, we find it unpersuasive. . . we join the nearly unanimous position of our sister circuits in holding Booker does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions. Accordingly, the district court correctly ruled it could not reduce Doublin's sentence below the minimum provided in the amended guidelines.

*Id.* at 237-38.

This Court has provided notice that it intends to reduce Nation's term of imprisonment to the minimum provided under the amended Guidelines. Accordingly, under *Doublin*, the Court has no authority to reduce Nation's term of imprisonment further, and a hearing would serve no purpose.

### III. Conclusion

For the foregoing reasons, the Court reduces Nation's term of imprisonment to 188 months. The Court will not conduct a hearing, nor reduce Nation's term of imprisonment below the minimum provided under the amended Guidelines range. The Court's Amended Judgment will issue separately.

MONROE, LOUISIANA, this 25th day of January, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE